| AOC-105      Doc. Code: CI | | Case No. *12-CI-01406* |
| Rev. 5-03 | | |
| Page 1 of 1 | | Court    [X] Circuit [ ] District |
| Commonwealth of Kentucky | | |
| Court of Justice    www.kycourts.net | | County    Pike |
| CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | |

JAMES A. ELLIS and                                          **PLAINTIFF**

JAMES A. ELLIS & ASSOCIATION, ARCHITECTS, PSC

## VS.

ARROWOOD INDEMNITY COMPANY                                **DEFENDANT**

3600 Arco Corporate Drive

Charlotte, North Carolina 28273

**Service of Process Agent for Defendant:**

CSC-Lawyer Incorporating Service Company

421 West Main Street

Frankfort, Kentucky 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

      You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

      The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _11 - 05 - 2012_      By: _____ **Clerk**

                                     By: _____ **D.C.**

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

                                Served by: _____

                                                  _____ **Title**

PIKE CIRCUIT COURT
CIVIL BRANCH
DIVISION
CIVIL ACTION NO.

DFU, T
12-CI - 01406

JAMES A. ELLIS and
JAMES A. ELLIS & ASSOCIATES, ARCHITECTS, PSC                    PLAINTIFFS

v.                          **COMPLAINT**

FILED
ANNA G. PINSON
NOV 05 2012
PIKE CIRCUIT/DISTRICT COURT
BY: _____ D.C.

ARROWOOD INDEMNITY COMPANY
3600 Arco Corporate Drive
Charlotte, North Carolina 28273
Process Agent:  CSC-Lawyers Incorporating Service Company
                421 West Main Street
                Frankfort, Kentucky 40601

       Serve:   Kentucky Secretary of State
                152 State Capitol
                700 Capital Avenue
                Frankfort, Kentucky 40601                        DEFENDANTS

* * * * * * * * * * * *

       Come the Plaintiffs, James A. Ellis and James A. Ellis & Associates Architects, PSC, by

and through undersigned counsel, and for their Complaint, state and allege as follows:

       1.      The damages claimed herein exceed the minimum jurisdictional limits of

this Court.

       2.      On or about May 12, 1998, Plaintiffs filed a legal malpractice lawsuit against the

law firm(s) of Bowles Rice McDavid Graff & Love, PLLC a/k/a Bowles Rice McDavid Graff

Love & Getty, PLLC. (Bowles Rice) and Getty, Keyser & Mayo, LLP (Getty Keyser)

(collectively "the Law Firms")

       3.      At all times relevant hereto, the Bowles Rice Law Firm was insured with a

Lawyer's Professional Liability Insurance policy provided by Design Professionals Insurance

Company, (DPIC), Policy Number LS-931043-02, and Getty Keyser was insured with a

Lawyer's Professional Liability Insurance policy, also provided by DPIC, Policy Number DLP-937253.

4.     The DPIC policy issued to the Bowles Rice Law Firm was effective February 26, 1998 through February 26, 1999 and provided coverage for professional liability in a claim amount of $5,000,000.00 and the aggregate of $5,000,000.00.   The DPIC policy issued to the Getty Keyser Law Firm was effective March 15, 1998 through March 15, 1999 and provided coverage for professional liability in a claim amount of $3,000,000.00 and the aggregate of $3,000,000.00.

5.     DPIC provided this coverage through Security Insurance Company of Hartford [Security] and/or The Connecticut Indemnity Company [CIC]

6.     DPIC held a Kentucky Certificate of Authority I.D. #301608 to provide coverage in Kentucky.

7.     The Connecticut Indemnity Company held a Kentucky Certificate of Authority I.D. #301062 to provide coverage in Kentucky.

8.     Security Insurance Company of Hartford held a Kentucky Certificate of Authority I.D. #300973 to provide coverage in Kentucky.

9.     On or about December, 2002, DPIC merged into Security Insurance Company of Hartford.

10.     On or about 2007, Security Insurance Company of Hartford merged into Arrowood Indemnity Company.

11.     Arrowood Indemnity Company is an insurance company registered with the Kentucky Department of Insurance and authorized to do business in the Commonwealth of

Kentucky, pursuant to Kentucky insurance statutes and regulations and operates under Kentucky Certificate of Authority #300973.

12.     Arrowood is the successor in interest to DPIC, CIC, and Security.

13.     As insurance companies authorized to do business in the Commonwealth of Kentucky, pursuant to Kentucky insurance statutes and regulations, and as provided by KRS 304.3-230, DPIC, CIC, Security, and Arrowood irrevocably appoint the Kentucky Secretary of State as its agent for service of process.

14.     DPIC, CIC, Security, and Arrowood are obligated to follow Kentucky's Unfair Claims Settlement Practices Act.

15.     DPIC, CIC, Security, and Arrowood were obligated to objectively evaluate Plaintiffs' claim against the Law Firms throughout litigation.

16.     On November 17, 2004, a Pike County jury returned a verdict in favor of Plaintiffs in the amount of $3,387,050.65 in the Trial of the Underlying Claims of the Plaintiffs. The matter was then scheduled to proceed to the next phase, the Trial of the Legal Malpractice Claims, where a jury would determine whether the Law Firms were negligent.

17.     The legal malpractice phase of the trial began on January 25, 2005 and, on the third day of trial, on or about January 28, 2005, all Law Firm Defendants tendered a preliminary offer to settle all Plaintiffs' claims.

18.     On or about May 26, 2005, a final settlement agreement and full release was executed in favor of all law firm Defendants in the amount of $3,965,000.00.

19.     On or about June 9, 2005, DPIC transferred $3,965,000.00 by wire to Plaintiff Ellis and his attorneys, of which $800,000.00 is placed by Plaintiffs' attorney into an Ellis Litigation Escrow Account.

20.     Thereafter, the attorney for Defendant Getty Keyser files a motion to set aside the settlement and jury verdict.

21.     In open Court, on November 28, 2005, the attorneys representing Defendant Bowles Rice concede the matter has been settled and they do not want a new trial because they are concerned about an excess verdict.

22.     On March 10, 2006, Hon. Judge John David Caudill orally grants Defendant Getty Keyser's motion for a new trial and orders the case to mediation within 60 days and orders DPIC's representative (now Security) to be present.

23.     On or about March 23, 2006, Judge Caudill reduces his order to mediate to writing and orders DPIC/Security's representative to appear at the Court-ordered mediation.

24.     On or about May 2006, mediation is conducted with the Hon. Pierce Hamblin, which is unsuccessful because DPIC/Security refuses to settle.

25.     The Court orders an additional mediation to occur.  On June 24, 2009, the Hon. Ken Corey mediates the case, but DPIC/Security refuses to attend the Mediation, but instead communicates during Mediation with Hon. Ken Corey via telephone. The Plaintiffs and all Law Firm Defendants agree to re-settle the case for the original $3,965,000.00 settlement agreed to on or about January 28, 2005.

26.     Despite all the Defendant Law Firms' expressed desire to re-settle for an identical amount as the original January 28, 2005 settlement, and despite the Plaintiffs' expressed acceptance of the Defendant Law Firms' offer to re-settle, and despite all the Defendant Law Firm's request to DPIC to re-settle under the terms acceptable to all Parties, DPIC/Security refuses to settle the claim at the June 24, 2009 mediation, via telephonic communication with Hon. Corey,

- 4 -

27.     DPIC/Security has given no basis for its refusal to re-settle the case.

28.     The Court again orders mediation to occur with the Hon. Brian House.  Because of DPIC/Security's contumacious pattern of refusing to attend Court-ordered Mediations, the Court threatened to impose sanctions if DPIC once again failed to attend the Mediation. The case is mediated again on or about March 6, 2012.

29.     DPIC/Security (now DPIC/Arrowood) is again ordered to attend the mediation, under the Court's threat of imposition of sanctions for non-attendance.  Once again, the Plaintiffs and all Law Firm Defendants agree to re-settle the case for the original $3,965,000.00 settlement agreed to on or about January 28, 2005.  Once again, DPIC/Arrowood refuses to settle the claim and, instead, demands Plaintiffs return $925,000.

30.     The Court, upon learning of DPIC/Arrowood's obstruction of the settlement, orders all parties and DPIC/Arrowood to appear before him.

31.     On or about May 10, 2012, with all parties and DPIC/Arrowood in attendance, Judge Caudill secures the agreement of the Plaintiffs and all law firm Defendants that the matter is re-settled for the original $3,965,000.00 settlement agreed upon by the Parties on or about January 28, 2005, and that all law firm Defendants represent to the Court that they claim no interest in the Ellis Litigation Escrow Account monies, held in trust by the Pike Circuit Court Clerk, in the amount of $925,626.79, which the Court orders to be disbursed to the Plaintiffs and the Plaintiffs' attorneys.   The settlement is over DPIC/Arrowood's objection.

32.     From 2006 through May 2012 DPIC, Security, CIC, Arrowood unlawfully denied Plaintiff the settlement proceeds to which he was entitled and instead forced him to continue litigating for more than six (6) years with the grave possibility at any time during those six (6)

years of unnecessarily prolonged litigation, the judge may order Plaintiff to return the $3.965 million received s a result of the Parties' original Settlement Agreement, reached in 2005.

33.    DPIC, Security, CIC, and Arrowood had no basis in law or fact to refuse to (1) honor its insured's requests and/or demands to re-settle this case, (2) continue to hold Plaintiff's settlement proceeds hostage, (3) continue to force Plaintiffs to litigate and (4) continue to force the Court to carry this action on the Court's active docket at the expense of the taxpayers of the Commonwealth of Kentucky.  This conduct was in violation of KUCSPA and other Kentucky laws.

**COUNT I**
**VIOLATIONS OF THE KENTUCKY UNFAIR CLAIMS**
**SETTLEMENT PRACTICES ACT, KRS 304.12-230**

34.    Plaintiffs adopt, reiterate, and incorporate by reference as though fully typed verbatim herein each and every allegation contained in paragraphs 1 through 33.

35.    The Defendants have violated the Unfair Claims Settlement Practices Act, KRS 304.12-230, and applicable Kentucky Administrative Regulations in at least the following ways:

(2)    failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

(3)    failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(4)    refusing to pay claims without conducting a reasonable investigation based upon all available information;

(6)    not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

(7)    compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in an action brought by such insureds;

(14)    failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromised settlement.

36.    The conduct of DPIC, CIC, Security, and Arrowood outlined above is intentional or in reckless disregard of the rights of the Plaintiffs, thereby entitling Plaintiffs to compensatory, consequential and punitive damages, including, pre and post-judgment interest and attorneys fees.

37.    As a direct and proximate result of DPIC, CIC, Security and Arrowood's violations of the Kentucky Unfair Claims Settlement Practices Act, Plaintiffs have suffered substantial damages, including, but not limited to: litigation-related overhead expenses; additional post-settlement legal fees; out-of-pocket travel/per diem expenses costs associated with Plaintiff's attendance at multiple Court-ordered Hearings, Mediation/Settlement Conferences, and meetings with legal counsel; and prolonged emotional distress, severe anxiety, and mental anguish.

## COUNT II
## DECEPTIVE TRADE PRACTICES

38.    Plaintiffs adopt, reiterate, and incorporate by reference as though fully typed verbatim herein each and every allegation contained in paragraphs 1 through 37 above.

39.    The conduct of the Defendants is a violation of KRS 304.12-230 in that the Defendants engaged in unfair, false and/or deceptive acts and practices by holding the settlement

proceeds hostage and forcing Plaintiffs to unnecessarily litigate for six (6) additional years. Plaintiff was harmed as a result.

40.    As a result of Defendant's violation of KRS 304.12-230 and injuries to Plaintiff, Plaintiff is entitled to compensatory damages, punitive damages, pre and post-judgment interest and attorney's fees.

### PRAYER FOR RELIEF AND JURY DEMAND

**WHEREFORE**, the Plaintiffs demands judgment against the Defendant for compensatory and punitive damages; for a trial by jury of all issues triable as of right by a jury; for prejudgment interest at a rate of 8% per annum; for post-judgment interest at a rate of 12% per annum; for reasonable attorney's fees and costs under KRS 304.12-235(3); and for any and all further relief to which the Plaintiffs may appear entitled.

Respectfully submitted,

Hans G. Poppe
Warner T. Wheat
Scarlette R. Burton
THE POPPE LAW FIRM
6004 Brownsboro Park Blvd. Suite E
Louisville, Kentucky 40207
(502) 895-3400
(502) 895-3420 (fax)
Hans@PoppeLawFirm.com
Warner@PoppeLawFirm.com
Scarlette@PoppeLawFirm.com

Counsel for Plaintiffs

- 8 -

PIKE CIRCUIT COURT
CIVIL BRANCH
DIVISION ~~II~~
CIVIL ACTION NO.~

JAMES A. ELLIS and
JAMES A. ELLIS & ASSOCIATES, ARCHITECTS, PSC

12-C1— 01406

FILED
ANNA G. PINSON
NOV 0 5 2012
PIKE CIRCUIT/DISTRICT COURT
BY:_____ D.C.

v.

**PLAINTIFFS' FIRST SET OF INTERROGATORIES,
REQUESTS FOR PRODUCTION OF DOCUMENTS, AND
REQUESTS FOR ADMISSION PROPOUNDED ON DEFENDANT**

ARROWOOD INDEMNITY COMPANY                                    DEFENDANT

.* * * * * * * * * * * *

Comes the Plaintiff, James A. Ellis, by counsel, and pursuant to CR 33, 34, and 36 propounds to the Defendant, Arrowood Indemnity Company, the following First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission. Unless a shorter or longer time for compliance is ordered by the Court or by agreement of the parties, your Answers to these Interrogatories and Requests are due within forty-five (45) days of the date of service hereof.

These interrogatories and requests shall be deemed continuing and supplemental answers and production shall be required of you pursuant to CR 26.05 if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the answers are served and the documents are produced.

Each interrogatory and request is addressed to the personal knowledge of the Defendant as well as the knowledge and information of the Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to the aforementioned persons.

## DEFINITIONS

"YOU," "YOUR" includes Arrowood Indemnity Company, agents, ostensible agents, employees, partners, staff, and anyone else acting on behalf of Arrowood Indemnity Company.

## INTERROGATORIES

**INTERROGATORY A:**   Please identify the name and address of each person answering or assisting in answering these interrogatories.

**INTERROGATORY B:**   Please identify each and every person, by name and address: (1) having discoverable information regarding this matter, or (2) whom YOU expect to call as a witness at trial.

**INTERROGATORY C:**   Are YOU willing to supplement these answers if information subsequently becomes available?

**INTERROGATORY NO. 1:**   Please identify each and every person who participated in the handling of the Jim Ellis's professional negligence claim against YOUR insureds. Please identify by name, current and former position within the company, last known phone number, address, and whether they are still employed by YOUR company.

**INTERROGATORY NO. 2:**   Please identify each and every person who participated in the decision to continue litigating the claim following the settlement negotiated and agreed to by all parties during mediation on January 28, 2005 in Civil Action No. 98-CI-00645, *James A. Ellis v. Bowles Rice McDavid Graff & Love, PLLC, Getty, Keyser & Mayo LLP, Richard Getty and Michael Caryl*. Please identify by name, current and former position within the company, last known phone number, address, and whether they are still employed by YOUR company.

**INTERROGATORY NO. 3:**     Please set forth each and every act which YOU undertook to effectuate prompt, fair, and equitable settlement of Plaintiff's claims once liability had become reasonably clear.

**INTERROGATORY NO. 4:**     Please set forth what standards for the prompt investigation of claims YOU have adopted and implemented in YOUR claims investigation and/or adjustment departments.

**INTERROGATORY NO. 5:**     Please set forth the steps taken by YOU since January 28, 2005 to conduct a reasonable investigation based upon all available information regarding the subject of the Plaintiff's claims against YOUR insureds.

**INTERROGATORY NO. 6:**     Please set forth the basis for YOUR refusal to comply with the January 28, 2005 settlement agreement reached between the Plaintiff and YOUR insureds.

**INTERROGATORY NO. 7:**     Please state each and every reason this case continued to be litigated after YOUR insured and Plaintiff reached a settlement agreement on January 28, 2005.

**INTERROGATORY NO. 8:**     Please set forth the name of all persons who participated in the decision to insist on language in the 2012 settlement agreement stating consideration was only to be one dollar.

**INTERROGATORY NO. 9:**     Please set forth the reason for insisting on language in the 2012 settlement agreement stating consideration was to be only one dollar.

**INTERROGATORY NO. 10:**     Please set forth each and every occasion on which YOUR insureds gave consent to settle the lawsuit filed by Plaintiff.

3

## REQUESTS FOR ADMISSIONS

**REQUEST TO ADMIT NO. 1:**     Admit no one from DPIC attended, in person, the first or second mediation of Civil Action No. 98-CI-00645, *James A. Ellis v. Bowles Rice McDavid Graff & Love, PLLC, Getty, Keyser & Mayo LLP, Richard Getty and Michael Caryl.*

**INTERROGATORY NO. 11:**     If YOUR Response to Request to Admit No. 1 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 2:**     Admit that YOUR employee, Jim Rold, was ordered by the Pike Circuit Court to attend the pre-trial conference scheduled for October 22, 2004, to explain why he was not present at the mediation of Civil Action No. 98-CI-00645, *James A. Ellis v. Bowles Rice McDavid Graff & Love, PLLC, Getty, Keyser & Mayo LLP, Richard Getty and Michael Caryl.*

**INTERROGATORY NO. 12:**     If YOUR Response to Request to Admit No. 2 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 3:**     Admit that YOUR employee, Jim Rold, was ordered by the Pike Circuit Court to return all phone calls, made during normal business hours, relative to Civil Action No. 98-CI-00645, *James A. Ellis v. Bowles Rice McDavid Graff & Love, PLLC, Getty, Keyser & Mayo LLP, Richard Getty and Michael Caryl*, within six hours under penalty of contempt.

**INTERROGATORY NO. 13:**     If YOUR Response to Request to Admit No. 3 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 4:**     Admit that on January 28th, 2005 a settlement between the parties in the matter of *James A. Ellis v. Bowles Rice McDavid Graff & Love, PLLC, Getty, Keyser & Mayo LLP, Richard Getty and Michael Caryl*, was reached for an amount within YOUR insureds' policy limits.

**INTERROGATORY NO. 14:**     If YOUR Response to Request to Admit No. 4 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 5:**     Admit that YOUR insureds desired to settle the case of *James A. Ellis v. Bowles Rice McDavid Graff & Love, PLLC, Getty, Keyser & Mayo LLP, Richard Getty and Michael Caryl*, for an amount within their policy limits during the mediation of that action conducted on January 28, 2005.

**INTERROGATORY NO. 15:**     If YOUR Response to Request to Admit No. 5 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 6:**     Admit   that   counsel   for   YOUR   insureds communicated the terms, conditions, and claims of the settlement reached on January 28, 2005 to

YOU and indicated that each of YOUR insureds concurred with the settlement terms, conditions, and claims.

**INTERROGATORY NO. 16:**      If YOUR Response to Request to Admit No. 6 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 7:**      Admit that under the terms and conditions of YOUR insureds' Professional Liability Insurance Policies, maintained with YOU, that DPIC was fully liable and obligated to pay within policy limits the full amount of the claim to which YOUR insureds and the Plaintiff reached an agreed settlement on January 28, 2005.

**INTERROGATORY NO. 17:**      If YOUR Response to Request to Admit No. 7 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 8:**      Admit that after counsel for YOUR insureds communicated the terms, conditions, and claims of this proposed settlement to YOU and indicated that each insured concurred with the settlement terms, conditions, and claims, YOU refused to comply with the settlement agreement and, instead, demanded Ellis return the amounts tendered to him by YOU.

**INTERROGATORY NO. 18:**      If YOUR Response to Request to Admit No. 8 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 9:**   Admit that after counsel for YOUR insureds communicated the terms, conditions, and claims of this proposed settlement to YOU and indicated that each insured concurred with the settlement terms, conditions, and that DPIC instructed its insureds' lawyers to continue litigating the case and attempt to set the verdict and settlement agreement aside

**INTERROGATORY NO. 19:**   If YOUR Response to Request to Admit No. 9 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 10:**   Admit that on June 24, 2009 a settlement between the parties in the matter of *James A. Ellis v. Bowles Rice McDavid Graff & Love, PLLC, Getty, Keyser & Mayo LLP, Richard Getty and Michael Caryl*, was reached for an amount within YOUR insureds' policy limits.

**INTERROGATORY NO. 20:**   If YOUR Response to Request to Admit No. 10 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 11:**   Admit that under the terms and conditions of YOUR insureds' Professional Liability Insurance Policies, maintained with YOU, that DPIC was fully liable and obligated to pay within policy limits the full amount of the claim to which YOUR insureds and the Plaintiff reached an agreed settlement on June 24, 2009.

7

**INTERROGATORY NO. 21:**      If YOUR Response to Request to Admit No. 11 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 12:**   Admit that after counsel for YOUR insureds communicated the terms, conditions, and claims of the June 24, 2009 proposed settlement to YOU and indicated that each insured concurred with the settlement terms, conditions, and claims, YOU refused to comply with the settlement agreement and, instead, demanded Ellis return the amounts tendered to him by YOU..

**INTERROGATORY NO. 22:**      If YOUR Response to Request to Admit No. 12 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 13:**   Admit that on March 6, 2012 both the Plaintiff and the Defendants in Civil Action No. 98-CI-00645, *James A. Ellis v. Bowles Rice McDavid Graff & Love, PLLC, Getty, Keyser & Mayo LLP, Richard Getty and Michael Caryl*, negotiated a proposed settlement agreement settling the case within the limits of, and in accordance with, the provisions of their DPIC policy coverage.

**INTERROGATORY NO. 23:**      If YOUR Response to Request to Admit No. 13 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 14:**   Admit that under the terms and conditions of YOUR insureds' Professional Liability Insurance Policies, maintained with YOU, that YOU are fully liable and obligated to pay within policy limits the full amount of the claim to which YOUR insureds and the Plaintiff reached an agreed settlement on March 6, 2012.

**INTERROGATORY NO. 24:**   If YOUR Response to Request to Admit No. 14 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 15:** Admit that after counsel for YOUR insureds communicated the terms, conditions, and claims of the March 6, 2012 proposed settlement to YOU and indicated that each insured concurred with the settlement terms, conditions, and claims, YOU failed to comply with the settlement agreement and, instead, demanded Ellis return the amounts tendered to him by YOU..

**INTERROGATORY NO. 25:**   If YOUR Response to Request to Admit No. 15 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 16:**  Admit that YOU have failed to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims

**INTERROGATORY NO. 26:**   If YOUR Response to Request to Admit No. 16 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

9

**REQUEST TO ADMIT NO. 17:**   Admit that YOU have no reasonable basis for denying the terms, conditions, and claims of the Plaintiff and YOUR insureds' settlement agreement reached on January 28, 2005.

**INTERROGATORY NO. 27:**   If YOUR Response to Request to Admit No. 17 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 18:**   Admit that DPIC adjusters demanded the return of settlement funds tendered to Plaintiff in June of 2005.

**INTERROGATORY NO. 28:**   If YOUR Response to Request to Admit No. 18 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 19:**   Admit DPIC had no basis in law or fact to demand return of the settlement funds.

**INTERROGATORY NO. 29:**   If YOUR Response to Request to Admit No. 19 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 20:**   Admit DPIC knows of no witnesses that will testify that any settlement or verdict in this case was obtained through fraud.

**INTERROGATORY NO. 30:**      If YOUR Response to Request to Admit No. 20 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 21:**      Admit DPIC has no evidence that any settlement or verdict in this case was obtained through fraud.

**INTERROGATORY NO. 31:**      If YOUR Response to Request to Admit No. 21 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

**REQUEST TO ADMIT NO. 22:**      Admit one of the reasons for attempting to have Plaintiff sign the settlement agreement reciting consideration of one dollar, was so YOU could attempt to force Plaintiff to repay some or all of the money paid to Plaintiff on June 9, 2005 except for one dollar.

**INTERROGATORY NO. 32:**      If YOUR Response to Request to Admit No. 22 is anything other than an unqualified admission, please set forth in detail the basis for YOUR denial.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**      Please produce a copy, in its entirety and cover to cover, of YOUR claims file regarding James Ellis' legal malpractice claim against YOUR insureds. This request is not limited to documents only contained within the paper claims file and specifically includes any and all electronic communications or diary entries in whatever

form and location. This includes e-mail, text messages, voicemail and electronic facsimiles but is not limited to these categories.

**REQUEST FOR PRODUCTION NO. 2:**        Please produce any documents or item of any kind referred to, or cited, in YOUR response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 3:**        Please provide a detailed privilege log of each document being withheld on a claim of privilege and state the following:

> (a)    Date(s) of each document
>
> (b)    Author(s) of each document
>
> (c)    The name(s) of all Recipients to each document
>
> (d)    General description of each document

**REQUEST FOR PRODUCTION NO. 4:**        Please produce a complete copy of YOUR home office file or interoffice communication relating to Plaintiff's claim (if these documents are contained in the previously produced claims file, they need not be produced again.).

**REQUEST FOR PRODUCTION NO. 5:**        Please produce any and all records or compilations, manuals, internal memorandum, documents, or other communications which are maintained by YOU and relate to claims by insureds for unfair claim settlement practices.

**REQUEST FOR PRODUCTION NO. 6:** Please produce a complete copy of any manuals, handbooks, internal publications, or other instructional materials or statements of policies respecting claims handling procedures which were disseminated, utilized, or produced by YOU from 2000 through 2012.

**REQUEST FOR PRODUCTION NO. 7:**        Please    produce    any    and    all documents produced, generated, or disseminated by YOU which relate to any proceedings

initiated by the Kentucky Insurance Commissioner regarding allegations of Unfair Claims Settlement Practices Act, including any market conduct.

**REQUEST FOR PRODUCTION NO. 8:**          Please produce a complete copy of YOUR personnel or salary administration manuals, or other guidance manuals applicable to all adjusters or personnel involved in Plaintiff's claim, which includes, but is not limited to, any of the following:

        (a)    Job description;

        (b)    Salary grade classification;

        (c)    Criteria for promotion/demotion;

        (d)    Plans for adequate staff levels;

        (e)    Performance valuation and activity reviews;

        (f)    Incentive programs and retirement funds; and

        (g)    Profit sharing and stock ownership.

**REQUEST FOR PRODUCTION NO. 9:**          Please produce a complete copy of YOUR documents pertaining to programs designed to control claims costs.

**REQUEST FOR PRODUCTION NO. 10:**          Please produce a complete copy of YOUR employee handbooks including, but not limited to, orientation manuals or booklets, information regarding profit sharing, stock ownership and incentive plans, company philosophies and policies and personnel administration manual.

**REQUEST FOR PRODUCTION NO. 11:**          Please produce a complete copy of YOUR distributed newsletters whether regional, national, or local, dealing with claims or sales.

**REQUEST FOR PRODUCTION NO. 12:**        Please produce a complete copy of YOUR quality controlled audits or surveys for YOUR offices handling Plaintiff's claim, including, but not limited to:

        (a)      Home audits or regional audits;

        (b)      Manuals or guidelines for audits; and

        (c)      Claim handling quality criteria.

**REQUEST FOR PRODUCTION NO. 13:**        Please produce a complete description of YOUR data processing equipment in use in YOUR insurance claims departments and YOUR claims offices handling Plaintiff's claim, including the language of the system, programs available for specific loss situations, bulletins and manuals explaining the capabilities of the programs, location of data centers and job description personnel files and addresses of those most knowledgeable about the data processing system.

**REQUEST FOR PRODUCTION NO. 14:**        Please produce a complete copy of YOUR documents of any types which provide information of YOUR organization and offices, including, but not limited to:

        (a)      Diagram or chart of YOUR claim department chain of command or managerial hierarchy including all employees and their supervisor handling Plaintiff's claim;

        (b)      Management documents which show YOUR company structure by line and level of authority.

**REQUEST FOR PRODUCTION NO. 15:**        Please produce a complete copy of YOUR annual reports of the following nature for 2000 to 2012.

        (a)      10K reports to the Securities and Exchange Commission;

        (b)      Reports to the shareholders; and

14

       (c)      Reports to regulators/insurance departments.

**REQUEST FOR PRODUCTION NO. 16:**      Please produce a complete copy of YOUR documents pertaining to the establishment, existence consistency of and activities of a claims committee including the names of the committee members, any reports or directives issued by the committee with regard to the claim and all documentation of any committee deliberations.

**REQUEST FOR PRODUCTION NO. 17:**      Please produce a complete copy of all documents of any type which sets forth YOUR policies and philosophies on:

       (a)      Claims handling policies;

       (b)      Providing service to policyholders;

       (c)      Good/bad faith claim handling;

       (d)      Extra contractual damages and suits;

       (e)      Compliance with unfair claims practices statutes; and

       (f)      Wrongful claims handling.

Respectfully submitted,

Hans G. Poppe
Warner T. Wheat
Scarlette R. Burton
The Poppe Law Firm
6004 Brownsboro Pk Blvd, Ste E
Louisville, Kentucky 40207
(502) 895-3400
(502) 895-3420 (f)
Hans@PoppeLawFirm.com
Warner@PoppeLawFirm.com
Scarlette@PoppeLawFirm.com

Counsel for Plaintiffs

15

## CERTIFICATE OF SERVICE

It is certified that a copy of Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions, was served on the Defendant simultaneously with service of the Complaint and Summons herein.

Hans G. Poppe
Warner T. Wheat
Scarlette R. Burton

16



172 Division Street
P.O. Box 1002
Pikeville, KY 41502-1002

CERTIFIED MAIL

7011 0110 0000 7390 4251

U.S. POSTAGE PITNEY BOWES
ZIP 41501 $ 004.65
02 1W
0001376016 NOV. 05 2012

U.S POSTAGE PITNEY BOWES
ZIP 41501 $ 002.38
02 1W
0001376016 NOV 14 2012

Arrowood Indemnity
CSC - Lawyers Incorp
421 West main Street
Frankfort Ky 40601



**CORPORATION SERVICE COMPANY**

**WAS / ALL**
**Transmittal Number: 10550393**
**Date Processed: 11/17/2012**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Legal Department<br>Arrowpoint Capital Corp.<br>3600 Arco Corporate Dr<br>Floor 6th<br>Charlotte, NC 28273 |

| | |
|---|---|
| **Entity:** | Arrowood Indemnity Company<br>Entity ID Number  2037326 |
| **Entity Served:** | Arrowood Indemnity Company |
| **Title of Action:** | James A. Ellis vs. Arrowood Indemnity Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Pike County Circuit Court, Kentucky |
| **Case/Reference No:** | 12-CI-01406 |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 11/16/2012 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Hans G. Poppe<br>502-895-3400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com
